UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Eureka Resources, LLC,<br><br>        Plaintiff,<br>v.<br><br><br>Howden Roots LLC,<br><br>        Defendant. | Case No.: 4:20-cv-02222-MWB<br>Hon. Matthew W. Brann<br>**JURY TRIAL DEMANDED** |

## **COMPLAINT FOR BREACH OF CONTRACT**

Plaintiff Eureka Resources, LLC ("Plaintiff"), for its Complaint against Defendant Howden Roots LLC ("Defendant"), states as follows. The allegations herein are made based on personal knowledge as to Plaintiff with respect to its own actions, and upon information and belief as to all other matters.

## **INTRODUCTION**

1. Plaintiff brings this lawsuit to seek compensation for the damages it has incurred as a result of Defendant's substantial and material breach of contract due to its failure to perform.

2. Cumulatively and/or in the alternative, Plaintiff seeks specific performance of Defendant's obligations under the Contract.

3. Plaintiff and Defendant entered into a contract (discussed in detail in the Statement of Facts section below) pursuant to which Plaintiff would pay Defendant a total of $1,391,225 in exchange for a number of goods to be delivered by Defendant to Plaintiff.

4. While Plaintiff has made all payments as requested to Defendant (currently in excess of one-million dollars), Defendant has breached the contract by failing to deliver the goods. Plaintiff has demanded that Defendant refund Plaintiff's payments, or provide a definite delivery date, and Defendant has refused.

5. This action seeks damages and other appropriate relief arising from Defendant's breach of contract.

## THE PARTIES

6. Plaintiff is a limited liability company organized and existing under the laws of Delaware, having an office and place of business at 315-419 2nd St., Williamsport, Pennsylvania, 17701.

7. Defendant is a foreign corporation organized and existing under the laws of Indiana, having an office and place of business at 900 West Mount St., Connersville, Indiana, 47331.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff is a Delaware corporation with its principal place of business in Pennsylvania, and Defendant is an Indiana corporation with its principal place of business in Indiana. Furthermore, the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

9. This Court has personal jurisdiction over Defendant because Defendant has entered into and breached a contract between Defendant and Plaintiff within this judicial district, Defendant conducts business within this judicial district, and Pennsylvania is the situs of the injury to Plaintiff as a result of Defendants' breach.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District, namely, Defendant has failed to deliver the goods to Plaintiff in this District. Additionally, the Defendant conducts business in this judicial district and a substantial portion of the events giving rise to this action occurred in this judicial district.

### STATEMENT OF FACTS

11. Plaintiff sent a purchase order (the "Contract") on June 14, 2019, to Defendant. See **Exhibit A** (Purchase Order).

12. According to the Contract, Plaintiff would pay Defendant a total of $1,391,225 in exchange and consideration for various goods (the "Deliverables") to be delivered by Defendant. *See* **Exhibit A**.

13. Plaintiff is not a merchant within the meaning of 13 Pa.C.S. § 2104.

14. Plaintiff does not deal in goods of the kind at issue in the Contract. More specifically, Plaintiff is a consumer of the Deliverables, and was not planning to re-sell or otherwise deal in the Deliverables, but rather to use them in its business.

15. Plaintiff does not otherwise by its occupation hold itself out as having knowledge or skill peculiar to the practices or goods involved in the transaction (the Contract) or to whom such knowledge or skill may be attributed by its employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill.

16. Prior to contracting with Defendant, Plaintiff inquired as to the goods to be purchased from Defendant. In response to these inquiries, Defendant sent Plaintiff a document identified as a "Proposal." Plaintiff did not accept or otherwise signal assent to Defendant's

proposal, rather Plaintiff instead sent a Purchase Order.

17. Plaintiff's Purchase Order contained the following language: "NOT INCLUDED: TRANSPORT COSTS . . . HOWDEN PROPOSAL …"

18. Following Plaintiff sending the Defendant the Contract, Defendant sent Plaintiff a document including so-called "Standard Terms." *See, e.g.*, Dkt. 15-3 at 42 (the "Additional Terms"). Plaintiff never agreed to the Additional Terms in writing, orally, or otherwise.

19. The document sent by Defendant referred to in the foregoing paragraph included a copy of Plaintiff's purchase order. To the list of items following the words "NOT INCLUDED," Defendant added in handwriting "AND Howden Order Confirmation RX19104-REV1 DATED 10-23-2019."

20. Since Plaintiff is not a "merchant" of the goods in the Contract, the Additional Terms did not become a part of the Contract under 13 Pa.C.S. § 2207(b).

21. Defendant has not only failed to provide the Deliverables, it has also failed to provide a number of other outstanding items that were expected to be delivered by mid-September 2020, including: "(1) final system layout drawings, (2) final foundation plan drawings, (3) remainder of submittals (P&ID, instrument lists, utility lists, control documentation, LOS, and motor documents)." *See* **Exhibit B** (September 23, 2020 Email from Jerel Bogdan to Brian Boyle)

22. Plaintiff has already paid $1,045,725 to Defendant, or more than 75% of the total purchase price under the contract. However, Defendant has failed to deliver the Deliverables.

23. Defendant originally provided a delivery date for the deliverables of 36 weeks after order confirmation, or February 2020. The Deliverables have still not been delivered as of the date of filing of this complaint. This is an unreasonable delay.

24. Defendant still has not delivered the Deliverables. Defendant recently represented to Plaintiff that it would deliver the Deliverables in February 2021, however Defendant continues to refuse to commit to a specific delivery date for the Deliverables, and yet also refuses to fairly compensate Plaintiff for the unreasonable delay, or to refund Plaintiff's payments.

25. As a direct and proximate result of Defendant's failure to provide the Deliverables, Plaintiff has suffered and will continue to suffer both financial and irreparable harm at least in the form of loss of income, profits and good will, and Defendant has and will continue to unfairly acquire income and profits. Specifically, Plaintiff has suffered and will continue to suffer losses associated with the existing equipment both parties expected Plaintiff to replace with Defendants' goods, including costs associated with keeping the outdated equipment running, spare parts, repairs and equipment failures, which would never have occurred if the Deliverables had arrived on time.

26. At all relevant times, Defendant was aware that if the goods were delivered late, Plaintiff would incur substantial costs and damages due to having to continue to maintain its old equipment that the parties intended Defendant's goods to replace. At all relevant times, Defendant was also aware that a partial delivery of goods is useless to Plaintiff – all of the items ordered from Defendant work together as a single machine. Likewise, at all relevant times, Defendant was aware that Plaintiff could not begin construction or installation of any portion of the purchased equipment until all of the purchased equipment was delivered, because Plaintiff's existing equipment and production would be stopped and dismantled in order to decommission the old equipment and install the new equipment.

27. Plaintiff's losses are further exacerbated by the fact that it was relying on the

Deliverables in order to continue work on its own projects. Even if the Deliverables were made available now, Plaintiff would be unable to install these Deliverables until Spring 2021 due to weather concerns and would therefore be unable to continue work on its projects before such time. Such delays will only cause Plaintiff to continue suffering damages in the form of loss of income, profits, and good will.

28. Because Defendant has failed to deliver the Deliverables, Defendant is in substantial and material breach of the Contract. Due to its breach, Defendant has acquired and will continue to unfairly acquire income and profits by failing to deliver the goods. Such unfairly acquired income and profits includes, but is not limited to, the amounts that Plaintiff paid to Defendant for goods that Defendant has failed to deliver.

29. Defendant's breach of its obligations under the Contract has defeated Plaintiff's original purpose in entering into the Contract with Defendant, which was to avoid loss of revenue due to inefficiencies, failures, and other potential problems arising from continued use of its outdated equipment.

## COUNT I - BREACH OF CONTRACT

30. Plaintiff incorporates the allegations of each of the paragraphs in this complaint as if fully set forth herein.

31. Plaintiff and entered into a valid and enforceable contract with Defendant, namely, the Contract, to purchase the Deliverables.

32. Plaintiff has substantially performed under the Contract by tendering $1,045,725 to Defendant.

33. Defendant is in substantial and material breach of the Contract due to its failure to perform its obligations under the Contract. Specifically, Defendant has not delivered the

Deliverables to Plaintiff, which are currently more than nine months late as of November 2020. Defendant has furthermore refused to commit to a firm delivery date for the Deliverables.

34. As a direct and proximate result of Defendant's failure to provide the Deliverables, Plaintiff has suffered and will continue to suffer irreparable harm in the form of loss of income, profits and good will, and Defendant has and will continue to unfairly acquire income and profits.

35. Defendant's breach will cause further damages as well as irreparable injury to Plaintiff unless this Court orders Defendant to recompense Plaintiff for the damages it has incurred as a result of Defendant's breach.

## **COUNT II – SPECIFIC PERFORMANCE**

36. Plaintiff incorporates the allegations of each of the paragraphs in this complaint as if fully set forth herein.

37. Cumulatively and/or in the alternative, Plaintiff is entitled to specific performance under the Contract.

38. On or about June 14, 2019, Plaintiff and Defendant entered into the Contract, a valid, enforceable, and binding written agreement.

39. The parties entered into the Contract for Plaintiff to purchase the ExVel Turbo-Fan and related Deliverables.

40. Plaintiff agreed to tender $1,391,225 in full consideration for the contract.

41. In exchange for Plaintiff agreeing to tender $1,391,225 to Defendant, Defendant agreed to deliver the Deliverables, including the ExVel Turbo-Fan, to Plaintiff no later than February 2020.

42. Plaintiff performed its obligations under the Contract. Specifically, Plaintiff

tendered $1,045,725 to Defendant in response to Defendant's requests for payment. The remaining $345,500 is not yet due.

43. Plaintiff has performed all its obligations thus far under the contract, and is ready, willing, and able to perform any remaining obligations under the Contract. Specifically, it is ready, willing, and able to tender the remaining $345,500 upon delivery of the Deliverables.

44. The Contract requires Defendant to deliver the Deliverables no later than March 2020. In the alternative, Defendant was required to the deliver the Deliverables within a reasonable period of time pursuant to the UCC. Such reasonable period of time under the UCC was no later than March 2020, as evidenced by the parties originally intended delivery dates.

45. Upon information and belief, Defendant has the ability to perform these contractual obligations in that Defendant has the has the means, authority and power to perform.

46. Defendant has failed to perform these contractual obligations. Specifically, Defendant has failed to deliver any of the Deliverables. Moreover, Defendant has refused to provide Plaintiff a firm delivery date.

47. Defendant's failure to perform its contractual obligations as described in the preceding paragraphs of this complaint amount to a breach and an anticipatory breach of the Contract.

48. An order directing Defendant to perform its contractual obligations is an appropriate remedy and the only remedy that is adequate because the personal property that is the subject of Defendant's performance under the Contract is unique, such that compensatory damages would be inadequate to uphold the purpose of the agreement the parties bargained for.

In particular, the ExVel Turbo-Fan and other Deliverables are specialty machinery within the meaning of *Emert v. Hanchett Mfg. Div. of MWA Co.*, 41 Pa. D. & C.3d 659, 663 (Pa. Com. Pl. 1983) and *Ace Equipment Company, Inc. v. Aqua Chemical, Inc.*, 73 Pa. D. & C.2d 300 (Pa. Com. Pl. 1975). The ExVel Turbo-Fan and other deliverables are non-fungible goods.

49. For the reasons set forth above, Plaintiff is entitled to an order of specific performance directing Defendant to deliver the Deliverables no later than February 12, 2020, or such other appropriate date as may be determined by the Court.

## **REQUEST FOR RELIEF**

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests that this Court enter an Order granting it the following relief:

a. Entering a judgment that Defendant's failure to provide the Deliverables constitutes breach of the terms of the Contract;

b. Awarding Plaintiff direct, consequential, and all other damages it has sustained as the result of Defendant's acts of breach of the Contract;

c. Issuing an order requiring the specific performance of Defendant's duties under the contract;

d. Awarding Plaintiff its attorneys' fees and costs; and

e. Granting Plaintiff such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: 5 February 2021                    Respectfully submitted,

*/s/ Serge Krimnus*
Erik Dykema, Esq. (pro hac vice to be filed)
erik@zellerip.com
Serge Krimnus, Esq. (pro hac vice)
serge@zellerip.com
Zeller IP Group PLLC
155 Water Street, Suite 6-6
Brooklyn, NY 11201
(972) 920-8002

Thomas C. Marshall
McNerney, Page, Vanderlin & Hall
433 Market Street
P.O. Box 7
Williamsport, PA 17703
(570) 326-6555

*Attorneys for Plaintiff*