# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUREKA RESOURCES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HOWDEN ROOTS LLC, <br><br> Defendant. | Case No. 4:20-cv-02222 (MWB) |

**[PROPOSED] JOINT CASE MANAGEMENT PLAN**

Having complied with the meet and confer requirements set forth in the Local Rules, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

**1. Principal Issues**

    **1.1** Separately for each party, please give a statement summarizing this case:
               **By Plaintiff/Counterclaim-Defendant:**

On or about 14 June 2019, Plaintiff Eureka Resources, LLC ("Eureka") entered into a contract for the purchase of heavy industrial equipment, described as a "Blower Train," from Defendant Howden Roots, LLC. The equipment was to be delivered in February 2020. Eureka has substantially performed all of its duties under the contract, including paying over one million dollars to Howden for the equipment. Howden has materially breached the contract by failing to deliver the goods. Further, Howden has frustrated Eureka's reasonable expectations and failed to mitigate damages to Eureka by - including but not limited to - failing to provide a definite delivery date, failing to refund Eureka's money, and failing to refund to Eureka the costs

of maintaining the aging equipment that the parties intended the purchased equipment to replace.

In its counterclaims, Dkt. 48, Howden asserted a claim for account stated when this lawsuit is clearly an objection to any amount allegedly owed to Howden.

**By Defendant/Counterclaim-Plaintiff:**

Howden is a manufacturer of certain equipment including fans and blowers. On October 23, 2019, the parties entered into an agreement whereby Howden agreed to deliver certain equipment and Eureka agreed to pay $1,394,300.00. The October 2019 agreement included the agreed specifications for the equipment to be delivered by Howden and the terms and conditions that would govern the parties' agreement, including, but not limited to, a milestone payment schedule, an estimated delivery schedule, and a liquidated damages provision.

Although the equipment was ready and available for delivery, on April 30, 2021, Eureka wrongfully rejected delivery of the equipment, thereby breaching the parties' agreement. Eureka also refused to pay the remaining balance owed for the equipment in the amount of $348,575.00.   Howden asserts claims for breach of contract and account stated.   Howden denies Eureka's allegations of any breach by Howden of the terms of the parties' agreement.

**1.2**   **The facts the parties <u>dispute</u> are as follows:**

The terms of the contract that governs this dispute, and whether there are any applicable written terms and conditions. The parties also dispute whether any alleged "delay" in the delivery of the equipment at issue in this lawsuit was "unreasonable" under the circumstances and whether Eureka's rejection of the delivery of the equipment was wrongful.

**The facts the parties <u>agree</u> upon are as follows:**

- Eureka ordered and agreed to purchase equipment from Howden;

- Howden agreed to deliver the equipment ordered by Eureka;
- The equipment at issue is unique specialty machinery, and the ExVel Turbo-Fan and other deliverables are non-fungible goods.
- Eureka has paid $1,045,725 to Howden;
- The parties had correspondence in March 2021, and before, regarding whether the items purchased were ready for delivery;
- Howden advised Eureka in March 2021 that all three units were ready for delivery;
- Howden issued an invoice to Eureka for payment in the amount of $348,575.00;
- Eureka rejected delivery in April 2021.
- Howden has not delivered the equipment.
- Eureka has not paid the invoice issued in March 2021 sent by Howden in the amount of $348,575.00.

**1.3    The legal issues the parties <u>dispute</u> are as follows:**

The terms of the contract that governs this lawsuit and what are the applicable terms and conditions including, but not limited to, whether a "liquidated damages clause" is part of the contract, and if so, whether or not such a clause would be enforceable, and whether a "force majeure clause" is part of the contract, applicable and/or enforceable. The parties also dispute whether any alleged "delay" in the delivery of the equipment at issue in this lawsuit was "unreasonable" under the circumstances.   The parties also dispute whether Eureka's rejection of the delivery of the equipment and refusal to pay the amount invoiced by Howden was wrongful.

**agree upon are as follows:**

There is a contract between Howden and Eureka for the purchase of, and delivery of equipment .

**1.4    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:**

Eureka:

In response to Howden's discovery requests going to the identity of the owners of Eureka Resources LLC, Eureka is working on identifying its members; and for those members who are non-natural persons, the members of those members, and will produce the same to Howden.

Howden:

The issue of subject matter jurisdiction is currently unresolved.   In commencing a litigation involving two limited liability companies, Eureka failed to plead the members of each limited liability corporation.   As reflected in Howden's Answer and Counterclaim, and contrary to the Amended Complaint, Howden is a limited liability company and its sole member is Howden USA Company, a corporation organized and existing under the laws of the State of Delaware. Eureka alleges in its Amended Complaint that it is a limited liability company organized and existing under the laws of the State of Delaware. At this time, the location and identity of Eureka's members is unknown. Howden   issued discovery concerning this issue on August 17, 2021 but, to date, Eureka has failed to respond to this discovery. Accordingly, as currently alleged and without knowing the identity and location of Eureka's members, subject matter jurisdiction may not exist. Howden reserves the right to pursue all legal remedies once additional information is revealed concerning this issue.

    **1.5**    **Identify any named parties that have not yet been served:**

None.

    **1.6**    **Identify any additional parties that:**

    **plaintiff(s) intends to join:**

None.

>   **defendant(s) intends to join:**

None.

>   **1.7    Identify any additional claims that:**
>
>   **plaintiff(s) intends to add:**

None known at this time.

>   **defendant(s) intends to add:**

None known at this time.

**2.0    Disclosures**

**The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.**

2.1  Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

>   Disclosed by <u>Eureka Resources LLC</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Dan Ertel, | CEO, Eureka |
| Christopher Frantz, | Chief Commercial Officer, Eureka |
| Kevin Thimmesch, | Chief Operating Officer, Eureka |

>   Disclosed by <u>Howden Roots LLC</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Brian Boyle | Application Engineering Leader |
| Joe Pecht | Operations Leader |

**3.0    Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|

      Lack of Subject Matter Jurisdiction     Howden         TBD (based on discovery)

**4.0    Discovery**

    **4.1    Briefly describe any discovery that has been completed or is in progress:**

        **By plaintiff/counterclaim-defendant:**

        Plaintiff is in the process of searching for relevant documents and preparing its initial disclosures.

        **By defendant/counterclaim-plaintiff:**

        Howden has already produced over 800 pages of documents and is in the process of searching for additional relevant documents, if they exist, for potential production. Howden also served its initial disclosures on September 22, 2021. Howden has noticed a 30(b)(6) deposition of Eureka. The parties are discussing a mutually agreeable date for this deposition.

    **4.2    Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):**

    The parties each agree that they will seek documents, interrogatory responses, admissions, and depositions concerning the legal and contractual issues in dispute in this litigation

    Plaintiff/Counterclaim-Defendant will seek the analysis and testimony of experts to determine the full measure of damages it has suffered due to Defendant's breach.

    Defendant/Counterclaim-Plaintiff will seek the analysis and testimony of experts to determine custom and practice in the industry and to determine the full measure of damages it has suffered due to Plaintiff's breach.

**4.3** Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

None.

**4.4** Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

None beyond those imposed by the Federal and Local Rules.

**4.5** For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)). The parties agree that the limits should be symmetrical (i.e. each party should have the same number of discovery requests.) The parties disagree on how many requests are appropriate. The parties proposed limitations are:

**4.5.1** depositions (excluding experts) to be taken:

plaintiff(s): 7  (Proposal)          defendant(s): 3  (Proposal)

**4.5.2** interrogatories to be served (NO DISPUTE):

plaintiff(s): 25          defendant(s): 25

**4.5.3** document production requests to be served:

plaintiff(s): 50 (Proposal)          defendant(s): 35  (Proposal)

**4.5.4** requests for admission to be served:

plaintiff(s): 50  (Proposal)          defendant(s): 25 (Proposal)

**4.6** **Discovery of Electronically Stored Information**

**Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.**

With respect to LR 26.1(c):

(1) Electronically stored information in general: Counsel shall advise their clients

     to preserve electronically stored information including Email and computer files.
(2) Counsel shall advise their clients to preserve all from the time period at issue in this matter.
(3) Counsel shall not seek restoration of any information deleted before the filing of the complaint in this matter.
(4) Counsel shall not seek discovery of backed-up or archival data in the absence of specific information indicating to the relevance and usefulness of such data.
(5) Each party shall bear its own costs of discovery.
(6) Counsel shall produce documents in standard formats, with PDFs or TIFFs and load files, delivered electronically.

**5.0 Protective Order**

  **5.1 If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.**

 A Joint Motion for a Protective order is being filed contemporaneously with this Discovery Plan.

 Entry of a Protective Order is appropriate because the matters at issue in this case are likely to involve confidential and sensitive commercial information.

  **5.2 If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:**

 None.

**6.0 Scheduling**

  **6.1 Final date for joining additional parties:**

  November 11, 2021

  **6.2 Final date for amending pleadings:**

  November 11, 2021

  **6.3 All fact discovery commenced in time to be completed by:**

  June 7, 2022

6.4     All potentially dispositive motions should be filed by:   January 23, 2023[1]

6.5     **Reports from retained experts due:**

**from plaintiff(s) by** August 1, 2022

**from defendant(s) by** December 8, 2022

6.6     **Supplementations due** December 22, 2022

6.7     All expert discovery commenced in time to be completed by . December 30, 2022.

6.8     This case may be appropriate for trial in approximately:

     832 Days from the filing of the action in this court

6.9     Suggested Date for the final Pretrial Conference:

January 31, 2023 **(month/year)**

6.10    Trial

6.10.1  Suggested Date for Trial:

March 2023 **(month/year)**

7.0     Certification of Settlement Authority (All Parties Shall Complete the Certification)

**I hereby certify that the following individual(s) have settlement authority.**

**Dan Ertel**
**Name**

 **CEO**
**Title**

   **315 Second Street, Williamsport, PA 17701**
**Address**

---

1 The parties respectfully request that dispositive motions be due after the completion of expert discovery.

**Telephone - Contact Through Counsel**

    **Mark Paul Lehman**
**Name**

    **V.P. & Senior Counsel - Howden**
**Title**
    **Contact through Counsel**


**Address**

**(   )       -         Daytime Telephone**

**8.0   Alternative Dispute Resolution ("ADR")**

    **8.1   Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.**

        **ADR procedure        N/A**

        **Date ADR to be commenced**
        **Date ADR to be completed**

    **8.2   If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:**

    Eureka believes that this case would be appropriate for non-binding mediation.

    **8.3   If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:**

    N/A

**9.0   Consent to Jurisdiction by a Magistrate Judge**

**Indicate whether all parties agree, pursuant to 28 U.S.C. '636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:**

**All parties agree to jurisdiction by a magistrate judge of this court:       Y    X   N.**

**If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:**

    _____ **Scranton/Wilkes-Barre**
    _____ **Harrisburg**
    _____ **Williamsport**

**10.0 Other Matters**

 Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

**11.0 Identification of Counsel**

 Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

 Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

**Dated:**    **Thomas C. Marshall, Erik Dykema, Serge Krimnus**
      **Attorney(s) for Plaintiff(s)**
    G **ECF User(s)**
    G **Waiver requested** (as separate document)
    G **Fed.R.Civ.P.7.1** (statement filed if necessary)*

**Dated:**    **Joseph Fontak, Joseph Colao, Brian Cifuentes (*pro hac vice* to be submitted)**
      **Attorneys(s) for Defendant(s)**
    G **ECF User(s)**
    G **Waiver requested** (as separate document)
    G **Fed.R.Civ.P.7.1** (statement filed if necessary)*

\* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.