# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Eureka Resources, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Howden Roots LLC,<br><br>    Defendant. | **Case No.: 4:20-cv-02222-MWB**<br>**(Hon. Matthew W. Brann)** |

# MEMORANDUM IN OPPOSITION
# TO HOWDEN'S MOTION TO DISMISS AND VACATE

## Table of Contents

I. FACTUAL BACKGROUND ........................................................................................ 2

II. THE COURT MUST DISMISS THE CASE ONCE IT DETERMINES IT LACKS SUBJECT MATTER JURISDICTION ................................................................................ 3

III. HOWDEN'S MOTION TO VACATE IS MERITLESS ................................................ 4

   A. HOWDEN DID NOT MOVE FOR RECONSIDERATION WITHIN 10 DAYS AS REQUIRED BY L.R. 7.10. ............................................................................................... 4

   B. THE AUGUST 2021 ORDER IS NOT A FINAL ORDER UNDER RULE 60(B) ................. 5

   C. EVEN IF THE AUGUST 2021 ORDER WAS FINAL, THE COURT CANNOT VACATE IT BECAUSE IT IS NOT VOID UNDER RULE 60(B)(4). ................................................ 7

IV. CONCLUSION ............................................................................................................ 11

# Table of Authorities

CASES

*Acierno v. Cloutier*, 40 F.3d 597, 605 (3d. Cir. 1994) .................................................................. 6
*Alfa Mut. Ins. Co. v. Jones Stephens Corp.*, No. CV 3:17-0817, 2018 WL 988443, at *1 (M.D. Pa. Feb. 20, 2018) ...................................................................................................................... 4
*Butko v. Ciccozzi*, 2021 U.S. Dist. LEXIS 79051 at *23 (W.D. Pa. 2021) ................................. 10
*Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949) .................................................. 6
*Ex parte McCardle*, 74 U.S. 506, 514, 19 L.Ed. 264 (1868) ......................................................... 3
*George v. Rehiel*, 738 F.3d 562, 570 (3d. Cir. 2013 ...................................................................... 6
*Hrobuchak v. Fed. Ins. Co.*, 2013 US Dist. LEXIS 74160, at *13 (M.D. Pa. 2013, No. 3:10-0481) ................................................................................................................................................... 9
*In re Prosser*, 574 F.App'x. 82, 84 (3d. Cir. 2014) ..................................................................... 10
*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982) ................................................................................................. 10
*Marshall v. Bd. Of Educ., Bergenfield, N.J.,* 575 F.2d 417, 422 (3d. Cir. 1978) ..................... 9, 10
*Moore v. Lehman*, 940 F. Supp. 704, 708 (M.D. Pa. 1996) ........................................................... 3
*Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986) ...................................................................... 9
*Parr v. United States*, 351 U.S. 513, 518 (1956) .......................................................................... 5
*Riley v. Kennedy*, 553 U.S. 406, 419 (2008) ................................................................................. 6
*St. Louis, I. M. & S. R. Co. v. Southern Express Co.*, 108 U.S. 24, 28 (1883) .............................. 5
*Tara M. by Kanter v. City of Philadelphia*, 145 F.3d 625, 627 (3d. Cir. 1998) ............................ 6
*United States v. Boch Oldsmobile, Inc.*, 90 F.2d 657, 661-662 (1st Cir. 1990) ............................. 9
*United States v. Zimmerman*, 491 Fed. Appx. 341, 344 (3d. Cir. 2012) ....................................... 9
*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 130 S. Ct. 1367, 1377-78, 176 L. Ed. 2d 158 (2010) ............................................................................................................................. 9

STATUTES

Fed. R. Civ. P. 60(b)(4) ............................................................................................................... 5, 9

**Introduction**

Defendant Howden Roots LLC's ("Howden") motion to vacate the Court's August 11, 2021 Decision and Order (Dkt. 46 and 47) (the "August 2021 Order and Memorandum") should be granted-in-part, but must be denied in part. Eureka Resources LLC ("Eureka") does not contest that, after nearly a year of litigation, Howden has finally provided some evidence of its citizenship, and on that basis does not object to the dismissal without prejudice of this action for lack of subject matter jurisdiction.

Eureka *does* object to Howden's attempt to, with one hand, argue that this Court has no jurisdiction to hear this action or grant relief to the parties, and with the other hand, try to secure further relief from this Court for its own benefit. If this Court does not have subject matter jurisdiction, then the only remedy is immediate dismissal.

Separately, even if this Court was able to grant additional relief, Howden's request must be declined because Howden did not move for reconsideration of the Order within 14 days after entry, as required by L.R. 7.10, and the Order is not a "final judgment, order or proceeding" under Fed. R. Civ. P. 60(b).

Granting Howden's request to vacate the Court's 2021 Order would run contrary to the principles of res judicata and would set an undesirable precedent of allowing parties to relitigate issues that have already been judged on the merits.

1

## I. FACTUAL BACKGROUND

On November 25, 2020, Plaintiff Eureka Resources, LLC ("Eureka") commenced this action in federal court against Howden, a limited liability company, asserting diversity jurisdiction,[1] and an amended Complaint (the "Amended Complaint") on February 5, 2021.[2]

On February 8, 2021, Howden filed a motion to dismiss for lack of subject matter jurisdiction.[3] Howden's motion argued that this Court lacked subject matter jurisdiction because the monetary pleading threshold was not met; and also that Eureka's claim was subject to a forum selection clause.[4] Howden did not dispute the diversity of citizenship between the parties in raising the subject matter jurisdiction issue. On August 11, 2021, the Court issued the August 2021 Order and Memorandum denying Howden's motion to dismiss for lack of subject matter jurisdiction.[5]

After the Court issued the August 2021 Order, Howden raised the issue of subject matter jurisdiction *again*, this time on the grounds that there was a lack of diversity of citizenship. Through the meet and confer process, Eureka agreed that Howden had shown some evidence that the parties' LLC members were not

---

[1] *See* Dkt. 1 at ¶¶ 6-7.
[2] *See* Dkt. 16.
[3] *See* Dkts. 17 and 18.
[4] *See* Dkt. 18 at 9.
[5] *See* Dkts. 46 and 47.

completely diverse, and consented to dismissal for lack of subject matter jurisdiction. However, Howden *also* demanded that Eureka consent to other relief, including vacatur of this Court's prior order(s), which Eureka declined.

## II. THE COURT MUST DISMISS THE CASE ONCE IT DETERMINES IT LACKS SUBJECT MATTER JURISDICTION

At this time, neither party disputes that the Court lacks subject matter jurisdiction. Because Howden's requests for vacatur of the Court's prior order(s) are contingent upon a finding of no subject matter jurisdiction, that issue must be decided first. Under these circumstances, further relief (e.g. vacatur of prior order(s)) is prohibited because the Court must dismiss immediately once it determines that it has no jurisdiction.

Once a Court determines that it has no subject matter jurisdiction, it has no power to take any further action on the case except to dismiss it. "If at any time during the litigation it is discovered that the court lacks subject matter jurisdiction, that court cannot continue to entertain the case, and the case will be dismissed or transferred a court which has proper jurisdiction." *Moore v. Lehman*, 940 F. Supp. 704, 708 (M.D. Pa. 1996). This is because "[w]ithout jurisdiction, the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *See Ex parte McCardle*, 74 U.S. 506, 514, 19 L.Ed. 264 (1868); *Alfa Mut. Ins. Co. v. Jones Stephens Corp.*, No. CV 3:17-0817, 2018

WL 988443, at *1 (M.D. Pa. Feb. 20, 2018).

On November 4, 2021, Howden filed the instant motion to dismiss and vacate the action for lack of subject matter jurisdiction. As Eureka informed Howden before it filed its' motion, Eureka does not dispute that there is a lack of complete diversity between the parties' LLC members, and thus agrees with Howden that the action should be dismissed without prejudice.[6] There being no contrary facts or evidence before the court to determine otherwise, the proper course for the Court is to follow the precedents of *Moore v. Lehman*, *Ex parte McCardle*, and *Alfa Mut. Ins. Co. v. Jones Stephens Corp.* and (1) announce its determination, then (2) immediately dismiss the case, because those are the only remaining actions it can take.

### III. HOWDEN'S MOTION TO VACATE IS MERITLESS
#### A. HOWDEN DID NOT MOVE FOR RECONSIDERATION WITHIN 10 DAYS AS REQUIRED BY L.R. 7.10.

The August 2021 order was issued on 11 August 2021. Howden's *Motion* was filed on 4 November 2021 – nearly three months later. Because Howden asks the Court to reconsider the opinion given in the August order, it is properly a

---

[6] Howden's brief includes a number of mischaracterizations of Eureka's statements and positions. Eureka generally disagrees with, denies, and traverses each and every one of Howden's arguments and assertions – with the sole exception that Eureka does agree with Howden that there is a lack of complete diversity between the parties' LLC members and thus there is no subject matter jurisdiction.

motion for reconsideration, and as such, should have been filed within 10 days pursuant to M.D.PA Local Rule 7.10. Because it was not, Howden's motion should be denied.

### B. THE AUGUST 2021 ORDER IS NOT A FINAL ORDER UNDER RULE 60(B)

Even if the Court *were* to consider Howden's request for vacatur, contrary to the mandate of controlling Supreme Court precedent, the Court could not vacate the August 2021 Order because it is not a final order under Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"), as it (1) is a denial of a motion to dismiss, which generally is not considered a final order and does not fall within the narrow exceptions outlined by the collateral order doctrine, and (2) does not terminate or end litigation on the merits, because it did not resolve numerous disputed issues between Eureka and Howden, nor did it address Eureka's requests for relief. A court may relieve a party or its legal representative from a judgment, order, or proceeding in certain circumstances under Rule 60(b), but **only** when it is a **"final judgment, order, or proceeding."**[7] "A 'judgment' or 'decision' is final…only 'when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined.'" *Parr v. United States*, 351 U.S. 513, 518 (1956) (citing *St. Louis, I. M. & S. R. Co.*

---

[7] *See* Fed. R. Civ. P. 60(b)(4).

5

*v. Southern Express Co.*, 108 U.S. 24, 28 (1883)) (holding that an order granting a motion to dismiss an indictment lacked finality because it did not terminate the litigation, as the petitioner had not been tried, convicted, or sentenced). District court orders denying motions to dismiss are generally not considered final orders because they do not terminate the litigation. *See George v. Rehiel*, 738 F.3d 562, 570 (3d. Cir. 2013) (citing *Acierno v. Cloutier*, 40 F.3d 597, 605 (3d. Cir. 1994); *Tara M. by Kanter v. City of Philadelphia*, 145 F.3d 625, 627 (3d. Cir. 1998). The only exceptions to this rule fall under the narrowly defined collateral order doctrine, which applies only to immediate appeals. *See Rehiel*, 738 F.3d at 571; *see also Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). Additionally, courts have long held that an order resolving liability without addressing a plaintiff's requests for relief is not final. *See Riley v. Kennedy*, 553 U.S. 406, 419 (2008).

Here, Howden is asking to vacate the August 2021 Order, a district court order denying its motion to dismiss, which, according to Third Circuit precedent, is not a final order. Furthermore, the August 2021 Order does not fall within the narrowly defined exceptions to this general rule under the collateral order doctrine, which only applies to immediate appeals.

The August 2021 Order is also not a final order because it did not terminate the litigation between the parties. Specifically, it did not address Eureka's requests

for relief or the numerous issues of fact and law disputed by Eureka and Howden in their pleadings. As in *Parr*, where the Supreme Court held that an order granting a motion to dismiss an indictment lacked finality because issues including trying, convicting or sentencing the petitioner had not been resolved, here, the August 2021 Order likewise does not terminate the litigation. Furthermore, the August 2021 Order is not a final order as required by *Riley v. Kennedy* because as in *Riley*, here, Eureka's requests for relief in its Amended Complaint were not addressed by the August 2021 Order.

Thus, the August 2021 Order is not a final order as required by Federal Rule of Civil Procedure 60(b), as it (1) is a denial of a motion to dismiss, which is not considered a final order and does not fall within the narrow exceptions outlined by the collateral order doctrine, and (2) does not terminate or end litigation on the merits, because it did not resolve numerous disputed issues between Eureka and Howden, nor did it address Eureka's requests for relief. Therefore, the Court must deny Howden's motion to vacate the August 2021 Order.

### C. EVEN IF THE AUGUST 2021 ORDER WAS FINAL, THE COURT CANNOT VACATE IT BECAUSE IT IS NOT VOID UNDER RULE 60(B)(4).

Even if the August 2021 Order was final, the Court cannot vacate it because it is not void for the purposes of Rule 60(b)(4), because (1) the Court at the time had an arguable basis for jurisdiction; (2) subject matter jurisdiction was already specifically litigated and addressed by the Court, and thus there was no total want

7

of jurisdiction, nor was there a total usurpation of power that would render the order void; and (3) determining that the judgment is void for lack of subject matter jurisdiction, when the issue of subject matter jurisdiction was already raised and addressed by the Court, would run contrary to the principles of res judicata and would set an undesirable precedent of allowing parties to relitigate issues that have already been judged on the merits.

Under Rule 60(b)(4), a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment is void."[8] However, "not any alleged jurisdictional error renders a judgment void" because "[t]he interest of finality requires that we construe the concept of void judgments narrowly." *United States v. Zimmerman*, 491 Fed. Appx. 341, 344 (3d. Cir. 2012) (citing *Marshall v. Bd. Of Educ., Bergenfield, N.J.*, 575 F.2d 417, 422 (3d. Cir. 1978)). For one, "[f]ederal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *Hrobuchak v. Fed. Ins. Co.*, 2013 US Dist. LEXIS 74160, at *13 (M.D. Pa. 2013, No. 3:10-0481) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 130 S. Ct. 1367, 1377-78, 176 L. Ed. 2d 158 (2010), further citing *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)). Such

---

[8] Fed. R. Civ. P. 60(b)(4).

"total want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and . . . only rare instances of a clear usurpation of power will render a judgment void." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. at 271 (citing *United States v. Boch Oldsmobile, Inc.*, 90 F.2d 657, 661-662 (1st Cir. 1990)). Notably, neither total want of jurisdiction nor clear usurpation of power exists where subject matter jurisdiction was "specifically addressed by the court." *Butko v. Ciccozzi*, 2021 U.S. Dist. LEXIS 79051 at *23 (W.D. Pa. 2021); *see also In re Prosser*, 574 F.App'x. 82, 84 (3d. Cir. 2014) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982) ("A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not, however, reopen that question in a collateral attack upon an adverse judgment.") This is because "principles of res judicata apply to jurisdictional determinations – both subject matter and personal," and district courts' determinations of questions of jurisdiction, while "open to direct review, may not be assailed collaterally." *See In re Prosser*, 574 F.App'x at 84. *See also Ciccozzi*, 2021 U.S. Dist. LEXIS 79051 at *23 and *Marshall v. Bd. Of Educ.*, 575 F.2d at 422 n. 19 (3d. Cir. 1978) (finding no usurpation of authority when the parties had appeared and litigated subject-matter jurisdiction).

The Court had an arguable basis for jurisdiction, because (1) Howden disputed subject matter jurisdiction claiming that the $75,000 amount in

controversy requirement had not been met, but the Court ultimately determined on the merits in its August 2021 Memorandum that it had been met, and (2) Howden did not, at any point, raise the issue of diversity of citizenship until after the Court issued the August 2021 Order. *Hrobuchak v. Fed. Ins. Co.* and *United Student Aid Funds, Inc. v. Espinosa*. Thus, based on those facts, the Court could reasonably believe that it had subject matter jurisdiction over the case.

Separately, subject matter jurisdiction was already specifically litigated by Howden in its February 2021 *Motion to Dismiss* and was addressed by the Court in its August 2021 Order. Therefore, as in *Butko*, where the Court found that neither total want of jurisdiction nor clear usurpation of power exists where subject matter jurisdiction was "specifically addressed by the court," here, similarly, there cannot have been "total want of jurisdiction" nor a "total usurpation of power" that would render the order void, because the issue of subject matter jurisdiction issue was already litigated and resolved.

Additionally, this Court's practice (e.g., as in *In re Prosser*) has been to construe void judgments narrowly in order to preserve the principles of res judicata, which apply to subject matter jurisdiction. Vacating a final order or judgment for lack of subject matter jurisdiction when the Court had an arguable basis for jurisdiction *and* the subject matter jurisdiction issue was already

previously addressed would cut against this and allow parties to relitigate issues that have already been resolved on the merits and invite abuse of the court process.

Therefore, even if the August 2021 Order was a final order, the Court must deny Howden's motion to vacate under Rule 60(b)(4) because the order is not void since (1) the Court had an arguable basis for jurisdiction, (2) subject matter jurisdiction was already specifically litigated and addressed by the Court, and thus there was no total want of jurisdiction, nor was there a total usurpation of power that would render the order void, and (3) determining that the judgment is void for lack of subject matter jurisdiction in light of (1) and (2) would run contrary to the principles of res judicata and would set a precedent allowing parties to relitigate issues that have already been judged on the merits.

## IV. CONCLUSION

For the reasons stated above, while this case should be dismissed without prejudice for lack of subject matter jurisdiction, in all other respects Howden's *Motion* must be denied.

| | |
|---|---|
| Respectfully Submitted,<br>November 17, 2021 | /s/ Erik Dykema<br><br>Erik Dykema<br>Serge Krimnus<br>Jessica Wu<br>Zeller IP Group, PLLC<br>155 Water St., Suite 6-6<br>Brooklyn, NY 11201<br><br>Thomas C. Marshall, Esq.<br>Allen P. Page, IV, Esq.<br>McNerney, Page, Vanderlin & Hall<br>433 Market Street<br>P.O. Box 7<br>Williamsport, PA 17703<br><br>erik@zellerip.com<br>serge@zellerip.com<br>tmarshall@mpvhlaw.com<br>APage@mpvhlaw.com<br><br>*Attorneys for Plaintiff Eureka Resources, LLC* |

## Certificate of Compliance

Pursuant to L.R. 7.8(b), Counsel for Eureka certifies that this brief contains 3,134 words according to the program used to prepare the document.